DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-295-FDW

RAYMOND DAKIM HARRIS JOINER,   )
                               )
         Plaintiff,            )
                               )
    vs.                        )
                               )   **ORDER**
FNU BRADLEY,                   )
                               )
         Defendant.            )
_____)

**THIS MATTER** comes before the Court on initial review of this action filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1).

**I.    BACKGROUND**

Pro se Plaintiff Raymond Dakim Harris Joiner is a North Carolina inmate currently incarcerated at Marion Correctional Institution in Marion, North Carolina. Plaintiff filed this action on September 6, 2016, under 42 U.S.C. § 1983.[1] Plaintiff alleges that Defendant FNU Bradley, identified as a correctional officer at Marion, violated his Fourth and Fifth Amendment rights when, on August 30, 2016, she illegally "search[ed] and seized my personal property and threw my legal documents and religious books and Quran in the trash." (Doc. No. 1 at 5-7). Plaintiff seeks $1 million in compensatory damages." (Id. at 5).

**II.   STANDARD OF REVIEW**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his

---

[1] Plaintiff dated his Complaint on August 31, 2016, one day after the alleged violations in this action occurred; the envelope with the enclosed Complaint was postmarked and mailed from the prison on September 2, 2016; and the Complaint was stamp-filed in this Court on September 6, 2016. See (Doc. No. 1 at 5; Doc. No. 1-3).

1

administrative remedies before filing a Section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at

2

683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

In North Carolina, state prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. GEN. STAT. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The law is settled that a plaintiff must exhaust administrative remedies before filing a claim, and a prisoner is not entitled to exhaust administrative remedies during the pendency of an action. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). The alleged Fourth and Fifth Amendment violations in this action occurred on August 30, 2016. Plaintiff dated his Complaint August 31, 2016, one day after the alleged violations occurred. The envelope with the enclosed Complaint was postmarked and mailed from the prison on September 2, 2016; and the Complaint was stamp-filed in this Court on September 6, 2016. See (Doc. No. 1 at 5; Doc. No. 1-3). Plaintiff attached to his Complaint the initial grievance he submitted on August 30, 2016, as well as the prison's response. (Doc. No. 1-1). In the grievance, Plaintiff complains that Defendant FNU Bradley wrongfully confiscated his property. (Id. at 2). On August 31, 2016, prison officials denied the grievance because Plaintiff had another active grievance in process, stating that "[t]his grievance is rejected and can only be accepted when your current grievance completes step two." (Id. at 1). In his administrative remedies statement submitted to this Court,

3

Plaintiff asserts the following, under penalty of perjury: "[A] grievance was filed and rejected by Marion Correctional Institution, plus [due] to policy if a[n] inmate is charge[d] with a disciplinary action then he is unable to file a grievance, see attach[ed] [disciplinary] write-up. The grievance I did file was attach[ed] to the complaint when it was submitted and that grievance was rejected and till this very day none of my property have been returned." (Doc. No. 6 at 2). Here, the record and Plaintiff's own statements show that Plaintiff did not exhaust his administrative remedies before filing this action because he has not yet exhausted his grievance through all three steps. This action must therefore be dismissed without prejudice.

**IV. CONCLUSION**

Plaintiff's Complaint will be dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

(2) The Clerk of Court is directed to terminate this action.

_____
Frank D. Whitney
Chief United States District Judge